ATLANTIC ICE AND COAL COMPANY v. A. J. MAXWELL, COMMISSIONER
OF REVENUE.

(Filed 25 November, 1936.)

**Taxation B b—Coal yards held "mercantile establishments" within meaning of sec. 162, ch. 445, Public Laws of 1933.**

A corporation operating coal and ice yards at established places of business in several cities of the State, one or more yards being operated in each of the cities, and maintaining scales, bins, etc., and a staff composed of a yard foreman and other employees at each establishment, *is held* liable for the tax imposed by sec. 162, ch. 445, Public Laws of 1933, since such business operates "two or more stores or mercantile establishments where goods, wares, and/or merchandise is sold or offered for sale at wholesale or retail," the coal and ice yards being "mercantile establishments" within the meaning of the act, and it not being necessary to decide whether such establishments constitute "stores" in the common acceptation or the legal meaning of the word, since the application of the statute is not limited to stores.

APPEAL by plaintiff from *Barnhill, J.,* at July Term, 1936, of WAKE. Affirmed.

*Manly, Hendren & Womble and W. P. Sandridge for plaintiff, appellant.*

*Attorney-General Seawell and Assistant Attorneys-General McMullan and Bruton for the defendant, appellee.*

SCHENCK, J. This is an action to recover State license taxes paid under protest by the plaintiff to the defendant under section 162, chapter 445, Public Laws 1933 (Revenue Act of 1933), which reads: "Sec. 162. *Branch or chain store.* Every person, firm, or corporation engaged in the business of operating or maintaining in this State, under the same general management, supervision, or ownership, two or more stores or mercantile establishments where goods, wares, and/or merchandise is sold or offered for sale at wholesale or retail shall be deemed a branch or chain store operator, shall apply for and obtain from the Commissioner of Revenue a State license for the privilege of engaging in such business

of a branch or chain store operator, and shall pay for such license a tax according to the following schedule:"

By consent, the case was heard upon an agreed statement of facts. The facts agreed upon were substantially these: The plaintiff, a Georgia corporation, duly domesticated in this State, is engaged in the business of selling coal and ice at wholesale and retail in the State of North Carolina. All ice sold by it is of its own individual manufacture. In nine cities of the State the plaintiff operates one or more coal and ice yards, thirteen in all. "In these established places of business there is a man in charge known as yard foreman. His duty is to weigh the coal or ice and bill same to the purchaser, make cash sales, and collect any cash sale that he makes from the yard at which the sale is made. This collection, with duplicate copy of bill, is turned in at the close of each day to the main office. Coal or ice in any quantity requested by the purchaser is sold at all of these places of business, some of which sales are wholesale in excess of one ton or more, and some of them merely a few sacks of coal or a few pounds of ice—any amount the purchaser wants is sold by this company at the place of business. . . . In the cities where they (the plaintiff) have more than one location, the delivery is made from the location nearest to the purchaser. Merchandise is delivered by the seller, if requested; otherwise, the purchaser can haul his own purchase." At the respective places of business a local trade name is used. The plaintiff has paid to the State of North Carolina a total of $600, representing a license tax for each location (separate yards in the same city being counted as separate locations), at which the defendant does business. The license taxes so imposed are prescribed by sec. 112, ch. 445, Public Laws 1933 (Revenue Act of 1933).

The Commissioner of Revenue has required the plaintiff to pay a branch or chain store tax under sec. 162, ch. 447, Public Laws 1933. The chain store tax so required to be paid was paid under protest, demand was duly made within thirty days after such payment for its refund, and refund was refused. The amount of the chain store tax paid by the plaintiff under protest to the defendant was $720.00. This action was brought to recover the amount so paid under protest.

His Honor was of the opinion that the plaintiff was not entitled to recover, and from judgment so adjudging the plaintiff appealed, assigning error.

In the appellant's brief is the statement: "This brief does not raise any question of the constitutionality of the chain store license tax. The question here raised is solely a question of statutory construction and legislative intent," and at another place in the brief appellant says: "It is true that double taxation is not prohibited."

The decision of this case turns upon the legislative intent carried by the words "two or more stores or mercantile establishments where goods, wares, and/or merchandise is sold or offered for sale at wholesale or retail." If these words include the thirteen separate places of business where the plaintiff sells coal and ice, called "coal yards," then the tax was properly collected and the plaintiff is not entitled to recover; if, on the other hand, these words do not include these various separate places of business, then the tax was improperly collected, and plaintiff is entitled to recover the amount paid, under protest, by it to the defendant.

The appellant in its brief seems to rest its appeal more upon the meaning of the word "stores" than upon the words "mercantile establishments." While there may be considerable divergence of opinion as to the common acceptation of the word "stores," and of its legal meaning, we are of the opinion that the words "mercantile establishments," followed by the words "where goods, wares, and/or merchandise is sold or offered for sale," clearly include coal yards where coal and ice are sold in the manner shown by the agreed statement of facts.

Webster's New International Dictionary, Second Edition (1935), defines the word "establishment" as an "institution or place of business with its fixtures and organized staff," and defines the word "mercantile" as "characteristic of, or befitting, a merchant; having to do with, or engaged in, trade." The plaintiff's coal yard is its "place of business," with its "fixtures," scales, bins, etc., and, with its "staff," a yard foreman and other employees; and is clearly a "mercantile" place of business since it "has to do with" and is "engaged in, trade"—the wholesale and retail trade in coal and ice.

The judgment of the Superior Court is
Affirmed.